# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALLY FINANCIAL BANK, *et al.*, )<br>    Defendants. ) | CAUSE NO.: 2:20-CV-51-JVB-JEM |

## **OPINION AND ORDER**

This matter is before the Court on Defendant Ally Financial Inc.'s Motion to Dismiss [DE 35], filed September 10, 2020. Plaintiff Lasandra Norman filed a response on September 17, 2020, and Ally Financial Inc. ("Ally") replied on September 23, 2020. Plaintiff filed another document on December 14, 2020, which the Court accepted in part as a sur-reply. For the reasons described below, the motion to dismiss is granted.

## BACKGROUND

Plaintiff Lassandra Norman filed a Second Amended Complaint [DE 26] on April 21, 2020, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Federal Trade Commission Act ("FTC Act") by nine different defendants. On September 2, 2020, the Court, *sua sponte*, dismissed the claims as to seven of the defendants because the claims were insufficiently related. *See* [DE 33]. The claims against two defendants – "Ally Financial Bank" and "Bosak Cardealship" – remain pending. Defendant Ally has now moved to dismiss all claims against it.

In relevant part, the Second Amended Complaint alleges as follows: Norman purchased a car from Defendant Bosak through a $26,000 loan financed by Defendant Ally. Norman then lost her job, and the car payment became "overwhelming." She has paid $10,000 toward the loan, and owes over $22,000. Ally repeatedly contacted her about the debt, and "has been attempting

repossession" of the car. Norman alleges that Ally's actions violate Section 5(a) of the FTC Act and Section 805(c) and 807(c) of the FDCPA.

## ANALYSIS

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570).

In this case, Norman alleges that Ally's communications violated the FDCPA. Ally argues that the FDCPA does not apply to it because it is a creditor, not a debt collector. The FDCPA applies to "debt collector[s]," which are businesses whose "principal purpose" is the collection of debts or that "regularly collect[] or attempt[] to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *See* 15 U.S.C. § 1692a(6); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1724 (2017) ("Under the [FDCPA's] definition . . . you have to attempt to collect debts owed *another* before you can ever qualify as a debt collector.") (emphasis in original). In short, the FDCPA applies to collection agencies and other entities who collect debts

on behalf of others.[1] Based on the allegations in the Second Amended Complaint, the FDCPA does not apply to Ally, because the debt was owed to Ally. *See, e.g., Flint v. Ally Fin. Inc.*, No. 3:19-CV-00189FDWDCK, 2020 WL 1492701, at *8 (W.D.N.C. Mar. 27, 2020) ("To the extent Plaintiff asserts a violation of the FDCPA against Ally Bank, it is barred as Ally Bank was a creditor acting to collect a debt owed to it."); *Proctor v. Ally Fin. Inc.*, No. CV PJM 18-2989, 2019 WL 3539929, at *3 (D. Md. Aug. 2, 2019) ("Any claim Plaintiff attempts to raise under the FDCPA fails because Ally is not a "debt collector" as defined by that statute . . . since it is collecting debts on its own behalf rather than for others."). Because Norman does not allege that Ally attempted to collect a debt owed to someone else, the claim must be dismissed.

Norman also alleges violations of the FTC Act, but no private cause of action exists under the FTC Act. Only the Federal Trade Commission can bring a lawsuit to enforce the FTC Act. *See Merriam v. GC Servs.*, No. 1:18CV80, 2018 WL 3068857, at *1 (N.D. Ind. June 21, 2018); *Int'l Tax Advisors, Inc. v. Tax Law Assocs.*, LLC, No. 08 C 2222, 2011 WL 612093, at *5 (N.D. Ill. Feb. 15, 2011). Accordingly, this claim must also be dismissed.

For the reasons described above, the Court **GRANTS** Defendant Ally Financial Inc.'s Motion to Dismiss [DE 35] and **DISMISSES** all claims against Defendant Ally. The claims against Defendant Bosak remain pending.

SO ORDERED on January 4, 2021.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT

---

[1] A creditor can be a debt collector for the purposes of the FDCPA if "in the process of collecting his own debts, [he] uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). There is no allegation that Ally contacted Norman using a name other than its own.