UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LASANDRA NORMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOSAK MOTORS OF BURNS HARBOR )<br>LLC d/b/a BOSAK CHEVROLET, )<br>Defendant. ) | CAUSE NO.: 2:20-CV-51-JEM |

**OPINION AND ORDER**

This matter is before the Court on Bosak Motors of Burns Harbor LLC d/b/a Bosak Chevrolet's Motion for Summary Judgment [DE 77], filed by Defendant Bosak Motors of Burns Harbor LLC d/b/a Bosak Chevrolet ("Bosak") on April 20, 2021.

**I.   Procedural Background**

On February 5, 2020, Plaintiff Lasandra Norman, who is proceeding *pro se*, filed a Complaint against numerous business entities and one individual, amended on February 24, 2020 and April 21, 2020. Norman is seeking relief under "15 U.S.C. § 45(A) and 15 U.S.C. 1692-1692(P)" for "all alleged debts owed to defendants and all debt be removed from plaintiff's credit report for the violation asserted by *all* defendants." Compl. p.1 [DE 26] (emphasis in original). Defendant Bosak is the only remaining defendant after the others were dismissed.

Bosak filed the instant motion for summary judgment on April 20, 2021, along with the notice to *pro se* parties as required by Northern District of Indiana Local Rule 56-1. Norman filed a response on August 20, 2021; Bosak has not filed a reply and the time to do so has passed.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case.

Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.     Undisputed Material Facts

Norman purchased a vehicle from Bosak at some time prior to June 25, 2019. Norman financed that vehicle purchase through Bosak, and the lender was Ally Financial Bank. In or around August 2019 Norman was attempting to purchase another, less expensive, vehicle from Bosak, which she would also be financing. On August 15, 2019, Norman's request for financing was submitted by Bosak to six potential lenders for purposes of financing a used 2015 Chevrolet Trax. Norman was approved by one of those lenders. Norman did not consummate any transaction through Bosak on or after that date.

## III.    Summary Judgment Standard

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "[S]ummary judgment is appropriate – in fact, is mandated – where there are no disputed issues of material fact and the movant must prevail as a matter of law.  In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotations omitted).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See*

Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2), (3); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," but must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Liberty Lobby*, 477 U.S. 242, 255 (1986); *Srail v. Vill. of Lisle*, 588 F.3d 940, 948 (7th Cir. 2009); *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Liberty Lobby*, 477 U.S. at 249-50.

### IV. Analysis

Bosak first argues that the only claim asserted by Norman against Bosak in the operative complaint seems to fall within the purview of the Fair Credit Reporting Act (FCRA) (15 U.S.C. §1681 *et seq.*) rather than the Fair Debt Collection Practices Act (FDCPA) (15 U.S.C. §1692 *et seq.*), as identified in the pleadings. Indeed, the operative complaint includes no allegations that Bosak

engaged in any debt collection efforts. Although Norman uses the phrase "all defendants" throughout the second amended complaint, the actors in the debt collection allegations were other, now-dismissed, defendants. Norman alleges after she lost her job, she fell behind on one or more of her debts and was contacted by various creditors or collection agencies. None of the debts were owed to Bosak, and none of the collection attempts are alleged to have been undertaken by Bosak. The only claims in the second amended complaint about Bosak relate to its attempts to obtain or issue credit on Norman's behalf relative to the purchase, return, or refinance of a vehicle. The Court reviewed Norman's Complaint and response to the motion for summary judgment as leniently as possible and attempted to read into them any causes of action which may have been implied, even if not clearly stated. *See e.g. Smith v. Dart*, 803 F.2d 304 (7th Cir. 2015). However, there are no FDCPA claims alleged against Bosak, and Norman presents no further evidence or argument about FDCPA claims in her response to the motion for summary judgment. She does refer to a Retail Installment Contract and Security Agreement dated November 24, 2017, in her response, but does not attach it. It appears that Norman may be arguing that Bosak was the other party to that agreement with her, but that Ally became involved without her knowledge or understanding, and that there are certain terms in the agreement which do not make sense to her. This assertion does not give rise to a claim under either FCRA or FDCPA, and to the extent that Plaintiff is attempting to bring a new claim, inclusion of a new allegation in opposition to a Motion for Summary Judgment is an improper attempt to amend a complaint. *See e.g. Shanahan v, City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996); *M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency, Inc.*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority.").

To state a claim under FCRA, a plaintiff must allege facts showing: (1) there was a consumer

report; (2) obtained or used by the defendant; (3) the obtaining or use was not with a permissible statutory purpose; and (4) the defendant acted with the specified culpable mental state. *See e.g. Glanton v. DirecTV, LLC*, 172 F.Supp.3d 890, 894 (D.S.C. 2016). Permitted uses are a defense to FCRA violations. *See, e.g., Glanton v. DirecTV, LLC*, 172 F. Supp.3d 890, 895 (D.S.C. 2016) (citing *Daniel v. Bluestem Brands, Inc.*, No. 13-11714, 2014 WL 81763 at *4 (E.D. Mich. Jan 9, 2014). One of the permissible purposes for pulling a consumer credit report is when the information is to be used "in connection with a credit transaction involving the consumer." 15 U.S.C. § 1681b(3)(A). A defendant is not liable for violating the FCRA if it reasonably believed the consumer was involved in a credit transaction. *Bentley v. Tri-State of Branford, LLC*, 2016 U.S. Dist. LEXIS 60295, at *4-5 (D. Conn. May 6, 2016) (plaintiff alleged that defendant accessed her credit report in connection with financing plaintiff's proposed home improvement project), *see, also*, *Kruckow v. Merchs. Bank*, 2017 U.S. Dist. LEXIS 197641, at *5 (D. Minn. Dec. 1, 2017). In this case, Norman admits that she was involved in a credit transaction with Bosak, so it pulling a consumer credit report is a permitted use.

Norman has not alleged the elements of an FDCPA claim against Bosak. Any submission of her credit request to lenders would be a permissible use, and therefore not a violation of the FCRA. Norman also has not satisfied the requirements for this Court's jurisdiction over any FCRA claim relative to the lowering of her credit score as she cannot assert any injury in fact.

Norman's only allegations against Bosak involve Bosak's submission of Norman's application for financing to potential lenders for Norman's car purchase. Norman alleges that Bosak's submission caused her credit score to drop. There are no other allegations that Norman was harmed by Bosak's actions. In order for the Court to have jurisdiction over this case, Norman must show she suffered an injury in fact traceable to the defendant's conduct and redressable by a favorable judicial

decision. *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). Although many FDCPA cases rise and fall on the failure to allege or prove an injury in fact, each factor must be satisfied for a plaintiff to have standing. When a court is reviewing a case to determine whether there is subject matter jurisdiction, it must accept as true all material allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Lee v. Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

A lower credit score alone is not a cognizable injury in fact. Although reputational harm has historically been recognized as an injury for which Article III standing lies, *see, e.g. Meese v. Keene*, 481 U.S. 465, 473 (1987)), the harm to one's reputation must be real, and not imagined or hypothetical. *Transunion, LLC v. Ramirez*, 594 U. S. ___, 141 S. Ct. 2190 (2021). Following the logic of *Transunion,* a lower credit score (a potential category of reputational harm), without proof of dissemination, is an insufficient injury to support standing. Even assuming that Bosak's submission of Norman's credit to six potential lenders when Norman thought it would be submitted to only one constitutes a technical violation of the FCRA (and would therefore be an injury in law), she must still suffer a real, tangible harm (an injury in fact) to have standing to sue Bosak. *See Transunion, LLC*, *supra*, at 2205-06. The Court in *Transunion* held that the absence of an allegation of dissemination of the information (if it is admittedly negative), means a plaintiff has suffered no injury in fact. *Id.*, at 2210. *See also e.g. Grauman v. Equifax Info. Servs*., __F.Supp.3d___, 2021 U.S. Dist. LEXIS 142845, at *12-13 (E.D.N.Y., July 16, 2021) (relying on *Transunion* to hold that a lowered credit score,

6

without more, is insufficient to constitute an injury in fact sufficient to convey standing upon a plaintiff).

Norman has not alleged any injury that she suffered as a result of her credit score. She claims that "the actions of Bozak [sic] has [sic] taken my credit score way below approval status." Compl. p. 4 [DE 26]. However, she makes no allegations and has not submitted any evidence of any actual injury in fact she has suffered, and has not included specific allegations, an affidavit, or other evidence that her credit score was lowered by Bosak's actions, particularly when Norman admits to engaging in other activity, namely, failing to make payments, that is likely to lower her credit score. In short, she has failed to allege injury that she suffered as a result of Bosak's actions and therefore lacks standing to pursue either a FDCPA or a FCRA claim against Bosak in this Court. The Court does not have jurisdiction over Norman's complaint and therefore need not reach the other arguments in the pending motion.

## V.    Conclusion

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiff's Complaint is **DISMISSED** for lack of jurisdiction. The Court hereby **DENIES as moot** Defendant's Motion for Summary Judgment [DE 77] and Bosak Motors of Burns Harbor LLC d/b/a Bosak Chevrolet's Motion for Entry of Judgment due to Non-Response by Plaintiff to Summary Judgment Motion [DE 82].

SO ORDERED this 12th day of October, 2021.

                                              s/ John E. Martin
                                              MAGISTRATE JUDGE JOHN E. MARTIN
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*